IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DORRIE L. B.,[1]                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )    Civil No. 18-cv-0007-CJP[2]
                                          )
COMMISSIONER OF SOCIAL                    )
SECURITY,                                 )
                                          )
                    Defendant.            )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## Procedural History

Plaintiff applied for benefits in May 2014, alleging disability beginning on August 1, 2012. After holding an evidentiary hearing, ALJ Jo Ann L. Draper denied the application on July 28, 2017. (Tr. 11-25). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

---

[1] In keeping with the court's recently adopted practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 16.

## Issues Raised by Plaintiff

Plaintiff raises the following issues:

1.      Whether the ALJ erred in finding plaintiff was able to return to a composite past job as generally performed.

2.      Whether the ALJ erred in failing to identify and reconcile apparent conflicts with the DOT.

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes.   In this context, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.   42 U.S.C. § 423(d)(3).   "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit.   20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled.   The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically

determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-513 (7th Cir. 2009).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at step three. If the claimant does not have a listed impairment at step three and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984). *See also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative

answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled…. If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin,* 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## The Decision of the ALJ

ALJ Draper followed the five-step analytical framework described above. She determined that plaintiff had not been engaged in substantial gainful activity since the alleged onset date and that plaintiff was insured for DIB only through December 31, 2016. The ALJ found that plaintiff had severe impairments of degenerative disc disease with surgeries including hemi-laminectomy and laminectomy/fusion; Achilles tendon surgical repair, twice; and right knee meniscus tear. She further determined that these impairments do not meet or equal a listed impairment.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work. Among other limitations, she cannot reach overhead with the right arm.

Based on the testimony of a vocational expert, the ALJ found that plaintiff was not disabled because she was able to do her past relevant work as a collection clerk as that job is generally performed in the national economy.

## The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. In view of plaintiff's arguments, the Court will omit a discussion of the medical evidence.

Plaintiff completed a work history form but did not list her past job at First Mid-America Credit Union. (Tr. 273-279).

Plaintiff was represented by an attorney at the evidentiary hearing in June 2017. (Tr. 38).

Plaintiff testified that she worked at one point "in collections" for First Mid-America Credit Union. (Tr. 62).

A vocational expert (VE) also testified. The VE asked for more information about plaintiff's job at First Mid-America. Plaintiff described her job:

> I did a lot of telephone work. It was collections. There were times I had to go out and do an actual repossession of a vehicle. I had someone with me, but I was more behind the phone and [doing] paperwork.

(Tr. 67).

The VE classified her job at First Mid-America as a collection clerk, DOT 214.357-010. She said that job was sedentary as it is generally performed, but it was medium as performed by plaintiff. (Tr. 68).

The ALJ asked a hypothetical question which corresponded to the RFC assessment. The VE testified plaintiff was able to do her past job as a collection clerk as that job is generally performed. (Tr. 68-73).

At the beginning of the VE's testimony, the ALJ asked "Do you understand that if you give an opinion that conflicts with the information in the Dictionary of Occupational Titles, you need to advise me of that conflict and the basis for your opinion?" The VE responded, "Yes." (Tr. 64). The VE did not identify any conflicts relevant to the collection clerk job.

Plaintiff's counsel asked a few questions of the VE, but she did not identify a conflict with the DOT, raise the composite job issue, or object to the VE's testimony. (Tr. 74-76).

## Analysis

Plaintiff's second point can be disposed of swiftly.

Plaintiff argues that the VE's testimony conflicted with information in the DOT because the hypothetical question limited her to no overhead reaching with the right arm, but the DOT does not address whether jobs require overhead reaching.

An ALJ is required to take administrative notice of job information contained in various publications, including the DOT, published by the Department of Labor. See, 20 C.F.R. § 404.1566(d)(1). The ALJ often also relies on testimony from a VE to "supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations." *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011).

For each job title, the DOT specifies whether certain physical and mental activities are required, and, if so, the frequency with which they are required. The DOT does not, of course, speak to every possible aspect of the job title. Defendant agrees that the DOT is silent on whether overhead reaching is required. Doc.19, p. 8.

When a VE testifies, the ALJ is required to ask the VE whether there are any conflicts between her testimony and the information in the DOT; if so, the ALJ must resolve those conflicts. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). The ALJ did ask the VE about conflicts here, and the VE did not identify any conflicts relevant to the collection clerk job.

Plaintiff argues that there was a conflict because the VE testified about limitations that are not addressed in the DOT. Plaintiff's counsel did not point out any conflict between the VE's testimony and the DOT at the evidentiary

7

hearing.[3]   Therefore, in this Court, plaintiff "now has to argue that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance, for SSR 00–4p requires only that the ALJ investigate and resolve *apparent* conflicts between the VE's evidence and the DOT." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008), citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006)[emphasis in original].

Defendant argues that there is no conflict here at all because the VE testified about subjects not addressed in the DOT.   She cites *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) and a number of cases from district courts in this circuit in support of her position.   See, Doc. 19, pp. 8-10.   This Court finds the reasoning of those cases persuasive.   Further, since the filing of the briefs in this case, the Seventh Circuit issued its decision in *Collins v. Berryhill*, ___ F. App'x ___, 2018 WL 3783601 (7th Cir. Aug. 9, 2018), reh'g denied (Sept. 24, 2018), also agreeing with defendant's argument.   Although *Collins* is nonprecedential, its reasoning is persuasive.   The Seventh Circuit found that there was a conflict where the VE testified about a topic addressed in the DOT (exertional level), but there was not a conflict where the DOT was silent (sit/stand option).   *Collins*, 2018 WL 3783601, at *3-4.

For her first point, plaintiff argues the that the ALJ erred in determining whether she could do her past work because the ALJ failed to treat her past work as a composite job.   She argues that the DOT title of collection clerk does not adequately describe her job at First Mid-America because she also repossessed

---

[3] Plaintiff is represented by a different attorney in this Court.

automobiles. The DOT title of collection clerk (DOT 241.357-010) does not include repossessing merchandise; a person who repossesses merchandise is classified in the DOT as a repossessor (DOT 241.367-022). The repossessor job is medium exertion, while collection clerk is sedentary.

In determining whether a claimant can perform the functional demands and job duties of her past job, the "*Dictionary of Occupational Titles* (DOT) descriptions can be relied upon -- for jobs that are listed in the DOT -- to define the job as it is *usually* performed in the national economy." SSR 82-61, 1982 WL 31387, at *1 (emphasis in original). However, "composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." *Ibid.*

The agency's Program Operations Manual (POMS), states the following about composite jobs:

> Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT…. The claimant's PRW [past relevant work] may be a composite job if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant…. When comparing the claimant's RFC to a composite job as the claimant performed it, find the claimant capable of performing the composite job only if he or she can perform all parts of the job….A composite job does not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."

POMS DI 25005.020, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020, visited on November 19, 2018.

Defendant argues that the record does not clearly demonstrate that plaintiff's past work was a composite job because her testimony did not indicate that

9

repossessing vehicles was a *main* duty of her job. Rather, she testified that "there were times" when she had to repossess a vehicle, but she "was more behind the phone and [doing] paperwork." (Tr. 67).

The Court agrees that, without more, plaintiff's testimony did not clearly establish that her past work was a composite job. Moreover, plaintiff did not object at the hearing or inform the VE that she considered her past work at First Mid-America to be a composite job. Plaintiff was represented by counsel and she is presumed to have put forth her best case for benefits at the hearing. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). An ALJ may rely on even "purely conclusional" VE testimony that goes unchallenged. *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir.), on reh'g, 368 F.3d 691 (7th Cir. 2004). See also, *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("Had [plaintiff] actually objected to the VE's testimony, the VE could have said more . . .. As it stands, however, the VE's testimony was both unobjected to and uncontradicted. Thus, the ALJ was entitled to credit this testimony."); *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion.")

## **Conclusion**

The Commissioner's final decision denying plaintiff's application for social security disability benefits is AFFIRMED.

The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATED: November 19, 2018.**

**s/ Clifford J. Proud**
CLIFFORD J. PROUD
U.S. MAGISTRATE JUDGE